United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   EMIL SHOKOHI,                           No. C 11-4947 MMC

12              Plaintiff,                    **ORDER GRANTING MOTION TO DISMISS**; **VACATING HEARING**

13     v.

14   JP MORGAN CHASE BANK, and DOES 1
     THROUGH 100,

15              Defendants.

16   /_____

17

18          Before the Court is defendant Chase Bank USA, N.A.'s ("Chase") "Motion to Dismiss

19   the Entire Complaint; in the Alternative, Motion to Dismiss – Second, Third, Fourth, Fifth,

20   Sixth and Seventh Causes of Action, and Motion to Strike Allegations Regarding Credit

21   Reporting," filed October 11, 2011.  Plaintiff Emil Shokohi ("Shokohi") has filed opposition,

22   to which Chase has replied.  Having read and considered the papers filed in support of and

23   in opposition to the motion, the Court deems the matter suitable for decision on the parties'

24   respective written submissions, VACATES the hearing scheduled for November 18, 2011,

25   and rules as follows.

                              **BACKGROUND**

26          Shokohi's claims arise out of a $250 payment Shokohi alleges he made to a Chase

27   credit card account in September 2009, which payment Chase allegedly failed to credit

28   properly to his account.  (See Compl. ¶ 8.)  Shokohi alleges Chase thereafter reported a

1    default on the account to the three major credit reporting agencies and charged him a $39

2    late fee.  (See id.)  Shokohi alleges he incurred further damages when Chase reduced the

3    lines of credit on several of his credit card accounts and reported said reductions to the

4    credit reporting agencies (see Compl. ¶ 11), and, additionally, that the resulting damage to

5    his "credit worthiness" caused several other lenders to "negatively revise" his lines of credit

6    (see Compl. ¶¶ 15-19).  Shokohi alleges he sent a letter to Chase in February 2010

7    objecting to the late fee, but that Chase did not make any correction.  (See Compl. ¶¶ 9-

8    10.)

9          On February 28, 2011, Shokohi filed for Chapter 7 bankruptcy.  (See Krog Decl. and

10   Req. for Judicial Notice, Ex. A ("Bankruptcy Petition").)  Shokohi did not list a claim against

11   Chase in his schedule of assets.  (See id. at 9-11); see also 11 U.S.C. § 521(a)(1)(B)(i)

12   (requiring debtor to file "schedule of assets and liabilities").   On June 1, 2011, Plaintiff's

13   debts were discharged.  (See Discharge of Debtor and Final Decree, In re Emil Shokohi,

14   U.S. Bankruptcy Court for the Northern District of California No. 11-42112).

15         Chase moves to dismiss Shokohi's complaint in its entirety, on the ground that

16   Shokohi is judicially estopped from bringing the instant lawsuit, by reason of his failure to

17   disclose his claim as an asset during the pendency of his bankruptcy proceeding.  (See

18   Mot. at 1:2-6.)  In the alternative, Chase moves to dismiss Shokohi's second, fourth, sixth,

19   and seventh causes of action for failure to state a claim, and moves to strike all allegations

20   related to credit reporting, on the ground such allegations are preempted by the Fair Credit

21   Reporting Act, 15 U.S.C. § 1681, et seq.  (See Mot. at 1:6-11.)

22                                **LEGAL STANDARD**

23         Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

24   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

25   cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

26   1990).  Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

27   material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

28

                                        2

1    F.2d 1542, 1555 n.19 (9th Cir. 1990).  The Court may, however, consider matters that are

2    subject to judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.

3    2001).[1]

4                                 **DISCUSSION**

5        "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

6    advantage by asserting one position, and then later seeking an advantage by taking a

7    clearly inconsistent position."  See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778,

8    782 (9th Cir. 2001).  "In the bankruptcy context, a party is judicially estopped from asserting

9    a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's

10   schedules or disclosure statements."  See id. at 783 (noting "both the court and [the]

11   creditors base their actions on the disclosure statements and schedules").  Here, Shokohi's

12   claim against Chase existed at the time of his bankruptcy but Shokohi did not list the claim

13   as an asset of the estate.  (See Bankruptcy Petition at 9-11.)  Chase's alleged negligent

14   failure to credit Shokohi's account occurred in September 2009, well over a year before

15   Shokohi filed for bankruptcy (see Compl. ¶ 8), and Shokohi was aware of that alleged

16   failure and resulting harm by, at the latest, February 2010, when he sent a letter objecting

17   to the late fee charges.  (See Compl. at ¶ 9.)  Further, long before he filed for bankruptcy,

18   Shokohi was aware Chase, as a further result of its alleged error, had reduced his lines of

19   credit (see Compl. at ¶ 11 (alleging resultant reductions in five separate accounts

20   "following" failure to credit account)), and that his lines of credit with other lenders had been

21   adversely affected as well (see Compl. at ¶¶ 16-17 (alleging resultant "negative revis[ions]"

22

23         [1] A district court may take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose

24   accuracy cannot reasonably be questioned."  See Fed. R. Evid. 201.  Where "the fact at issue is the existence of a statement in a declaration within a bankruptcy proceeding, and not the truth of the statement itself, the accuracy of the fact at issue cannot be reasonably

25   questioned."  See Rose v. Beverly Health and Rehab. Servs., Inc. 356 B.R. 18, 22 (E.D. Cal. 2006); see also Duke Energy Trading & Mktg. L.L.C. v. Davis, 267 F.3d 1042, 1048

26   n.3 (9th Cir. 2001) (granting judicial notice of filings made in related bankruptcy proceeding).  Good cause appearing, the Court hereby GRANTS Chase's request for

27   judicial notice of Shokohi's petition in the bankruptcy proceeding, and, in addition, takes

28   judicial notice of the Bankruptcy Court's final order of discharge.

1  of lines of credit with Discovery Financial Services in November 2009, American Express

2  and US Bank in December 2009, and First Bank Card in March 2010)).

3          Shokohi argues judicial estoppel nonetheless is inapplicable to the instant lawsuit

4  because, at the time his bankruptcy proceeding was pending, he was not aware he had a

5  legal claim.  (See Shokohi Decl. at 2:17-18).  Shokohi's argument is unavailing.  It is the

6  awareness of the factual, not the legal, basis of a claim that triggers a bankruptcy

7  petitioner's duty to list the claim as an asset.  See Hamilton, 270 F.3d at 784 (holding

8  "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know

9  that a potential cause of action exists during the pendency of the bankruptcy, but fails . . .

10 to identify the cause of action as a contingent asset"); Hay v. First Interstate Bank of

11 Kalispell, 978 F.2d 555, 557 (9th Cir. 1992) (holding plaintiff judicially estopped from

12 bringing action where plaintiff "learned of the facts that led to the discovery of [plaintiff's]

13 claims" during pendency of bankruptcy but did not identify claim as an asset); Rose, 356

14 B.R. at 25 (holding "the duty of the bankruptcy petitioner to disclose the existence of a

15 potential claim is not a formalistic duty predicated on the procedural status of a claim, but is

16 a duty of candor that accrues from the time the facts that give rise to the potential claim are

17 known").

18         Under the above-described circumstances, Shokohi is judicially estopped from

19 asserting his claims against Chase.[2]

20         Accordingly, Chase's motion to dismiss the complaint in its entirety is hereby

21 GRANTED and the complaint is hereby DISMISSED with prejudice.

22         **IT IS SO ORDERED.**

23

24 Dated:  November 8, 2011

25                                                                MAXINE M. CHESNEY
                                                                   United States District Judge

26

27         [2] In light of the above findings, the Court does not address herein Chase's
   alternative arguments in support of dismissal.
28

4